CANADY, J.,
dissenting.
I agree with the Second District Court of Appeal’s conclusion that the statutory prevailing party attorney’s fees provisions are not applicable to proceedings brought to enforce a claim for local pension plan benefits that are not required benefits un *1135 der chapters 175 and 185, Florida Statutes (2004). Accordingly, I dissent.
To reflect the facts presented by this case, I would rephrase the certified .question as follows:
ARE THE PREVAILING PARTY ATTORNEY’S FEES PROVISIONS OF SECTIONS 175.061(5) AND 185.05(5), FLORIDA STATUTES, APPLICABLE TO JUDICIAL PROCEEDINGS TO ENFORCE CLAIMS FOR BENEFITS UNDER A LOCAL LAW PLAN THAT ARE NOT REQUIRED BENEFITS UNDER CHAPTERS 175 AND 185, FLORIDA STATUTES?
I would answer this rephrased question in the negative and approve the decision reached by the Second District.
The prevailing party attorney’s fee provisions in section 175.061(5), Florida Statutes (2004), and section 185.05(5), Florida Statutes (2004), cover only proceedings “brought under or pursuant to the provisions of’ chapters 175 and 185. The claim at issue here — a claim exclusively based on the “13th Check Program” provided for in Tampa’s local law plan — is not a claim “brought under or pursuant to the provisions of’ chapters 175 and 185. Benefits under the 13th Check Program are not benefits required under any provision of chapters 175 and 185. Entitlement to benefits under the 13th Check Program is not dependent upon any provision in chapters 175 and 185. It cannot reasonably be said that a claim is “brought under or pursuant to” particular statutory provisions if the establishment of the claim does not require reference to those statutory provisions.
It is true that Tampa’s local law plan— like any other local law plan — exists within the framework established by chapters 175 and 185. But that does not settle the question at issue here. Although the local law plan may exist “under or pursuant to” chapters 175 and 185, it does not follow that all claims regarding benefits under the local law plan are claims “brought under or pursuant to the provisions of’ chapters 175 and 185. A particular provision of law may come into existence by authorization of a higher law, but claims to enforce the particular provision are not said to be claims brought “under or pursuant to” the higher law. The phrase “under or pursuant to” requires a direct connection between the claim brought and the specific legal basis for establishing the claim.
The Legislature could very well have provided that prevailing party attorney’s fees would be available in all proceedings brought regarding benefits under firefighter and police officer pension plans. Instead, the Legislature adopted the more narrowly focused fee provisions of sections 175.061(5) and 185.05(5). It is not the province of the courts to expand the scope of these statutory provisions.